Filed 1/3/23  P. v. Patton CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DERRICK PATTON,<br><br>    Defendant and Appellant. | B317872<br><br>(Los Angeles County Super. Ct. No. BA226937) |

APPEAL from an order of the Superior Court of Los Angeles County, George G. Lomeli, Judge.  Dismissed.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Derrick Patton (defendant), along with co-defendants Melvin Tate and Tyrone Miller, was charged with one count of murder for the killing of Rene Franco during the commission of a robbery, and one count of second degree robbery for victim Ana Saravia, both of which occurred on May 26, 2000. Defendant was also charged, in the same information, with the second degree robbery of Miguel Deanda on May 23, 2000. The information, among other things, alleged all three crimes were committed for the benefit of, at the direction of, and in association with a criminal street gang, and with the specific intent to promote criminal conduct by gang members, and that a principal discharged a firearm causing great bodily injury and death to the victims.

Defendant was convicted on all charges and sentencing enhancements were found true. The trial court sentenced defendant to life in prison without the possibility of parole, plus an indeterminate consecutive term of 25 years to life and a determinate term of 13 years.

Defendant filed a petition for writ of habeas corpus in the superior court on December 17, 2021. Defendant claimed new evidence from co-defendant Miller warranted overturning his convictions. Specifically, the habeas corpus petition attached a declaration from defendant's attorney who stated he spoke to co-defendant Miller over the telephone; Miller asserted facts related to the crime, some of which disputed or contradicted co-defendant Tate's testimony at trial; and Miller agreed to meet with an investigator and present a statement.

The trial court denied the petition for habeas corpus, finding defendant failed to establish a prima facie case for relief. The court explained that even if a declaration from co-defendant

2

Miller were submitted, it would not constitute newly discovered evidence that undermined the entire prosecution's case or pointed unerringly to innocence or reduced culpability.

Defendant filed a notice of appeal from the order denying his petition for writ of habeas corpus. This court appointed counsel for defendant. Defendant's attorney filed a brief raising no issues and acknowledged the appeal was taken from a non-appealable order. Before assignment of the appeal to this panel for decision, this court invited defendant to personally submit a supplemental brief. Defendant filed a short submission acknowledging counsel's concession that the appeal was from a non-appealable order and asking this court to exercise its discretion to deem his filing a petition for a writ of habeas corpus.

An order denying a habeas corpus petition is not appealable. (*Briggs v. Brown* (2017) 3 Cal.5th 808, 836; *Jackson v. Superior Court* (2010) 189 Cal.App.4th 1051, 1064.) We decline to treat defendant's two-sentence supplemental submission, which includes no contentions of error, as a petition for habeas corpus.[1] The appeal is dismissed.

---

[1] Our Supreme Court exercised its discretion to treat an appeal from a non-appealable order as a writ of habeas corpus in *People v. Segura* (2008) 44 Cal.4th 921 "in the interest of judicial economy and because the issue [was] of general concern." (*Id.* at 928, n.4.) Neither consideration warrants a similar exercise of discretion here.

DISPOSITION

The appeal is dismissed.


NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


BAKER, J.

We concur:



RUBIN, P. J.



KIM, J.